CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
July 24, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Lawrence Edward Hinchee, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:25-cv-00027 |
| | ) |
| Sheriff Antonio D. Hash *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lawrence Edward Hinchee, Jr., a Virginia inmate proceeding *pro se*, filed this action claiming violations of his constitutional rights pursuant to 42 U.S.C. Section 1983 and violations of the Americans With Disabilities Act (ADA). The claims asserted in this suit were initially filed as part of a complaint in which Hinchee alleged that 26 defendants violated a variety of laws and constitutional rights over many years at many institutions. *See Hinchee v. Reed et al.*, No. 7:24-cv-00721 (filed Oct. 21, 2024). On January 15, 2025, this court severed ten cases from Hinchee's initially filed complaint. *See id.*, Dkt. 10. This lawsuit (new action number one in the court's severance order) involves the allegations contained in paragraphs 19 through 24 of Hinchee's initial complaint at pages 8–9, which concern Hinchee's incarceration at Roanoke City Jail from December 1, 2020, to September 20, 2023. (*See* Dkt. 1 at 8–9.)

## I. Factual and Procedural History

Hinchee named three individuals as Defendants[1] in connection with these claims. One of the named Defendants, Sheriff Antonio D. Hash, appeared and filed a motion to dismiss and a memorandum in support thereof. (Dkts. 11, 12.) The court issued a *Roseboro* notice (Dkt. 13), but Hinchee did not file an opposition to the motion to dismiss. The court then sent a revised *Roseboro* notice (Dkt. 15) and granted Hinchee additional time to file a response opposing the motion to dismiss (Dkt. 14), but Hinchee still has not filed any response.

Hinchee filed this action (prior to severance) by submitting the complaint to prison officials for mailing on October 17, 2024. (Dkt. 1 at 16.)

## II. Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007)). In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal

---

[1] Hinchee named John Doe 1 and Jane Doe 3 as Defendants to these claims. The court ordered Hinchee to provide identifying information for these Defendants. (Dkt. 16.) Hinchee did not do so by the stated deadline. In accordance with that order, the court **DISMISSES** Jane Doe 2 and John Doe 1 from this action without prejudice.

conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by pro se litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.     Analysis

The bulk of Hinchee's claims are barred by the applicable statutes of limitations. First, most of Hinchee's claims under Section 1983 are time-barred. Section 1983 does not itself contain an express statute of limitations. Instead, a federal court considering such a claim must apply the forum state's most similar statute of limitations period, which in Virginia is the statute of limitations applicable to personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276–80 (1985); *Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 735 (4th Cir. 1991). In Virginia, the personal injury statute of limitations is two years under Va. Code Ann. § 8.01-243(A). Therefore, Hinchee's Section 1983 claims against each defendant must have been asserted within two years of their accrual or they are time-barred (meaning the claims must be dismissed irrespective of the merits of the claim).

Thus, the court may consider only claims arising after October 17, 2022 (two years prior to Hinchee's filing). Any Section 1983 claims arising from events prior to October 17, 2022, must be dismissed. Accordingly, the Section 1983 claims arising from events described

in paragraphs 19 and 20, which occurred according to the face of the complaint in December 2020, are time-barred.

Similarly, the events giving rise to Hinchee's claims asserted pursuant to the Americans with Disabilities Act also are time-barred. Like Section 1983, "Title II of the ADA does not contain a statute of limitations." *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011). Accordingly, federal courts "borrow the state statute of limitations that applies to the most analogous state-law claim." *Id.* In the Fourth Circuit, "the one-year limitations period in the Virginia Disabilities Act applies to ADA claims brought in Virginia." *Id.* at 348. Therefore, the court could grant relief only as to claims arising after October 17, 2023 (one year prior to Hinchee's filing).

The ADA claim asserted in paragraph 19 of the Complaint arises out of an incident that occurred on December 1, 2020, and the ADA claims asserted in paragraphs 21 and 22 arise out of incidents that occurred between October 18, 2022, and September 29, 2023, respectively. Accordingly, Hinchee's ADA claims arising from these events are time-barred.

Some of Hinchee's Section 1983 claims arise from events that occurred within the limitations period. (Dkt. 1 ¶¶ 21-23 (claims arising from complaints about food).) But, these claims, which are asserted against Defendant Hash, are insufficient for another reason; Hinchee has not adequately identified any personal involvement of Hash in these events. Hinchee does not describe any actions or inactions of Hash in the substantive allegations of the complaint.

Liability for civil rights violations is personal, meaning that a plaintiff must identify the particular actions or inactions of each defendant that led to the claimed harm. *See Trulock v.*

*Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Defendants "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Id.* Therefore, Hash cannot be held liable simply in his role as a Sheriff and no facts are alleged that would support any claim of supervisory liability. Further, when there are no specific factual allegations against a defendant, dismissal is warranted. *E.g.*, *Harris v. City of Virginia Beach*, 11 F. Appx. 212, 214–15, 217 (4th Cir. 2001) (upholding dismissal of five defendants because of lack of allegations of personal involvement).

Finally, paragraph 24 of Hinchee's complaint relates allegations about another inmate's harassment of Hinchee. According to the complaint, the harassment was investigated by the Jail after Hinchee filed a PREA complaint, and it was determined that Hinchee's claims were founded. (*Id.*) Hinchee's harasser was removed from the pod. (*Id.*) Hinchee references his resulting "emotional damage" and states "this is intentional infliction of emotional distress" (*id.*), but it is not clear if he intends to hold the John Doe inmate-harasser or Hash responsible. Assuming that he intended to pursue a claim against the only named Defendant, Sheriff Hash, this claim would fail for the reasons identified above. No actions or inactions of Hash in connection with this claim are specified, and the facts seem to indicate an appropriate response by the Jail in any event.

## IV.  Conclusion

For these reasons, Hinchee's Complaint fails to allege any plausible claim of entitlement to relief.  Accordingly, the court **GRANTS** Defendant's motion to dismiss, and **DISMISSES** this action.

The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to Hinchee.

**IT IS SO ORDERED**.

**ENTERED** this 24th day of July 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE